IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MAZEN EISSA, ) | |
| ) | |
| Plaintiff, ) | **CIVIL ACTION** |
| ) | |
| v. ) | No.  09-1268-MLB |
| ) | |
| AETNA LIFE INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM AND ORDER**

Before the court is plaintiff's motion for reconsideration. (Doc. 53).  Defendant has filed its response (Doc. 54) and the matter is ripe for decision.  For the reasons stated herein, plaintiff's motion is denied.

**I.   Introduction**

In its Memorandum and Order dated July 14, 2011, (Doc. 51) the court determined that defendant was entitled to the recoupment of its overpayment in the amount of $28,642.34.  Plaintiff claims that defendant is not entitled to recoupment because the overpayment was discharged in bankruptcy.

Defendant cites In re Beaumont, 586 F.3d 776 (10th Cir. 2009) and Sigman v. Aetna Life Ins. Co., 270 B.R. 858 (S.D. Ohio 2001) and argues that recoupment is not a "debt" that can be discharged in bankruptcy.

**II. General Standards of Law**

Motions to reconsider are governed by Local Rule 7.3(b), which states in pertinent part, "A motion to reconsider shall be based on (1) an intervening change in controlling law, (2) the availability of

new evidence, or (3) the need to correct clear error or prevent manifest injustice." Furthermore, the court's summary judgment order informed the parties that any motion to reconsider should comply with the standards enunciated in Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992). In Comeau, this court said:

> The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of due diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider, and advancing new arguments or supporting facts which were otherwise available for presentation when the original summary judgment motion was briefed is likewise inappropriate.

Comeau, 810 F. Supp. at 1174-75 (internal quotations and citations omitted). "'A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider.'" Cline v. S. Star Cent. Gas Pipeline, 370 F. Supp. 2d 1130, 1132 (D. Kan. 2005) (quoting Sithon Mar. Co. v. Holiday Mansion, 177 F.R.D. 504, 505 (D. Kan. 1998)).

**III. Analysis**

The recoupment issue was addressed in Memorandum and Order dated November 30, 2011. (Doc. 34). In that order, Judge Melgren determined that defendant's "obligation to pay monthly benefit payments and the overpayment arise out of a single, integrated transaction ... [and defendant] is entitled to recoup the overpayment made to [plaintiff] should it succeed in this case." (Doc. 34 at 8).

Plaintiff does not cite any authority in support of his position. This court has no authority to reconsider or change the order of

-2-

another judge of this court which, in effect, is the relief plaintiff seeks.

**IV.  Conclusion**

Plaintiff's motion to reconsider (Doc. 53) is denied.

IT IS SO ORDERED.

Dated this __16th__ day of August 2011, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE
